IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NITROcrete LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-198-RP |
| DREW RAYMOND NELSON, MARK EDWARD NELSON, and NITRO FOUNDERS II, LLC, | § § § § § | |
| Defendants. | § § | |

## ORDER

On April 15, 2025, Defendants Drew Raymond Nelson, Mark Edward Nelson, and Nitro Founders II, LLC's (together, "Defendants") filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. (Dkt. 9). Defendants also filed an accompanying motion to stay the case pending resolution of their Motion to Dismiss. (Dkt. 10). Plaintiff NITROcrete LLC ("Plaintiff") opposed the stay, asserting the need to take jurisdictional discovery. (Dkts. 11, 12). The United States Magistrate Judge set a hearing on the motion to stay and motion to take jurisdictional discovery, but two weeks before the hearing, Defendants moved to withdraw their argument that the Court lacks personal jurisdiction over Plaintiff's claims. (Dkt. 18). Accordingly, the Court mooted Plaintiff's motion to take jurisdictional discovery, (Text Order dated June 5, 2025), and the United States Magistrate Judge granted Defendants' motion to stay as unopposed, (Text Order dated June 11, 2025).

Subsequently, the Court ordered Plaintiff to respond to Defendants' Motion to Dismiss, (Dkt. 9), on or before July 8, 2025, and Defendants to file their reply on or before July 15, 2025. (Order, Dkt. 20). On July 7, 2025, Plaintiff responded to Defendants' Motion to Dismiss, (Dkt. 9), and on July 22, 2025, Defendants filed their reply, (Dkt. 23). Having considered the parties' briefs

1

and arguments, the record, and the relevant law, the Court finds that this case should be transferred to the United States District Court for the District of Colorado, Denver Division under 28 U.S.C. § 1404(a).

## I. BACKGROUND

On February 12, 2025, Plaintiff filed the instant suit against Defendants seeking damages, a permanent injunction enjoining actual and threatened misappropriation of Plaintiff's trade secrets, and specific performance of contractual obligations owed to Plaintiff by Defendants Drew Raymond Nelson and Mark Edward Nelson. (Compl., Dkt. 1, at 1). Plaintiff brings its claims under the Defend Trade Secrets Act, 18 U.S.C. § 1831, *et seq.*, the Texas Uniform Trade Secrets Act, Tex. Civ. Prac. & Rem. Code § 134A.001, *et seq.*, and contract law. (*Id.*).

Plaintiff is a limited liability company formed under the laws of Indiana with its principal place of business in Fort Collins, Colorado. (*Id.* at 2). Plaintiff "is in the business of providing products and services relating to liquid nitrogen concrete cooling systems" and "conducts business in, provides products to, and renders services to multiple customers in the Western District of Texas." (*Id.*). Defendant Nitro Founders II, LLC ("Nitro II") is a limited liability company formed under the laws of Colorado having its principal place of business in Fort Collins, Colorado. (*Id.* at 3). Defendants Drew Raymond Nelson and Mark Edward Nelson ("Nelsons") are citizens of Colorado who reside in Fort Collins, Colorado, and one or both Nelsons own or control Nitro II, which is also "conduct[ing] business or is preparing to conduct business under the name Innovations Group." (*Id.* at 2–3).

Plaintiff owns "a portfolio of intellectual property rights relating to nitrogen concrete cooling systems, processes, software, devices, operating techniques, and system and process design, integration and implementation, among other aspects of cooling concrete with liquid nitrogen" ("NITROcrete IP") (*Id.* at 3). Plaintiff acquired the NITROcrete IP, which includes trade secrets

and patents among other intellectual property, "in substantial part . . . through a series of transactions including an asset purchase pursuant to sections 363 and 365 of the United States Bankruptcy Code." (*Id.*). Plaintiff purchased the NITROcrete trade secrets, within the NITROcrete IP, from companies ("Old Nitrocrete Companies") which had previously purchased the trade secrets from the Nelsons and one or more companies owned or controlled by one or both Nelsons. (*Id.* at 4).

Plaintiff alleges that "[b]oth of the Nelsons owe a duty or obligation of confidentiality with respect to the NITROcrete Trade Secrets to one or more of the Old Nitrocrete Companies pursuant to an Asset Purchase and Contribution Agreement made effective on or about January 31, 2020" ("2020 APCA"), which Plaintiff acquired through its aforementioned bankruptcy purchase. (*Id.* at 7). The 2020 APCA contains a forum selection clause providing for exclusive jurisdiction in a state or federal court located in Denver, Colorado over "[a]ll disputes among or between the parties arising out of, connected with, related to or incidental to" the agreement. (Mot., Dkt. 9, at 2–3; 2020 APCA, Dkt. 9-4, at 70). Plaintiff further contends that "[t]he Nelsons owe a duty or obligation of confidentiality with respect to the NITROcrete Trade Secrets under the 2020 APCA" to Plaintiff, as the successor in interest to the Old Nitrocrete Companies with respect to the 2020 APCA (Compl., Dkt. 1, at 7).

Yet, Plaintiff contends, "Defendants have and are offering to sell to third parties intellectual property and software that includes[, was developed, based upon or uses, or copies, duplicates, or replicates] the NITROcrete Trade Secrets" including to "one or more customers of NITROcrete located in the Western District of Texas" (*Id.* at 8–9). Plaintiff also alleges that "Defendants have offered to sell to one or more customers of NITROcrete located in the Western District of Texas consulting, services developed based upon or using the NITROcrete Trade Secrets." (*Id.* at 9). Therefore, Plaintiff asserts that "Defendants['] acts of trade secret misappropriation involve and

3

relate to NITROcrete customers in the Western District of Texas." (*Id.* at 2). Additionally, Plaintiff alleges that the Nelsons "executed multiple agreements which obligate them to sign additional patent assignments and declarations in favor of NITROcrete." (*Id.* at 11). Now, Defendants ask the Court to dismiss Plaintiff's claims for improper venue under Federal Rule of Civil Procedure 12(b)(3) or failure to state a claim under Rule 12(b)(6).[1] (Mot. to Dismiss, Dkt. 9).

## II. LEGAL STANDARDS

### A. Rule 12(b)(3)

A party moving to dismiss based on improper venue does so pursuant to Federal Rule of Civil Procedure 12(b)(3). "In an action not based on diversity, proper venue lies in either '(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.'" *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 365 (5th Cir. 2008) (citing 28 U.S.C. § 1391(b)).

"On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). However, the Court may consider evidence in the record beyond the facts alleged in the complaint and its attachments, including affidavits or evidence submitted by the parties as part of the venue motion. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). When a court determines a case was filed in

---

[1] The Court again notes that Defendants moved to withdraw their argument that the Court lacks personal jurisdiction over Plaintiff's claims. (Mot. for Leave, Dkt. 18). The Court subsequently ordered that Defendants' Motion to Dismiss, (Dkt. 9), is partially withdrawn, specifically, Defendants' arguments that the Court lacks personal jurisdiction over them. (Text Order, June 5, 2025).

4

a division or district of improper venue, the district court may either dismiss the case or transfer it to any district or division of proper venue. *See* 28 U.S.C. § 1406(a).

### B. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th

5

Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Because Defendants withdrew their argument that the Court lacks personal jurisdiction over Plaintiff's claims, (Dkt. 18), the Court begins its analysis in considering whether venue is improper under 28 U.S.C. § 1391(b). The parties dispute whether the forum selection clause at issue deems venue improper in this District. Plaintiff alleges that venue is proper in this District under 28 U.S.C. § 1391(b) because "a substantial part of the events or omissions giving rise to the claim occurred here." (Resp. to Mot. to Dismiss, Dkt. 21, at 2). Relying on *Atlantic Marine Construction Co.,* Plaintiff asserts that "[v]enue is proper if a case was brought in any of the districts defined by 28 U.S.C. § 1391(b)" and "[t]he existence of a forum-selection clause has no bearing on whether a case falls into one of the specified districts." (*Id.* at 2 (citing *Atl. Marine Construction Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 50 (2013)). Defendants counter that *Atlantic Marine* "clearly favors the enforcement of forum selection clauses" and that this Court can dismiss this case for *forum non conveniens* or transfer it to the District of Colorado regardless of how Defendants' original motion was captioned. (Reply to Mot. to Dismiss, Dkt. 23, at 2–3).

The Court finds that, in *Atlantic Marine*, the United States Supreme Court decided "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of [28 U.S.C.] § 1406(a) or Rule 12(b)(3)." *Atl. Marine*, 571 U.S. at 59. The Court held:

> Instead, the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*. Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in

6

>which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer.

*Id.* at 60. "The common-law doctrine of *forum non conveniens* has continuing application in federal courts only in cases where the alternative forum is abroad and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 30 (2007) (citations omitted) (cleaned up). Indeed, *Atlantic Marine* also held that a forum selection clause "may be enforced through a motion to transfer under [28 U.S.C.] § 1404(a)." *Atl. Marine*, 571 U.S. at 59. Here, because Defendants suggest the Court can either dismiss this case for *forum non conveniens* or transfer it to the District of Colorado due to the 2020 APCA forum selection clause mandating exclusive jurisdiction in "a state or federal court located in Denver, Colorado," the Court will consider whether transferring the case to a sister federal court is appropriate, as the case is already in the federal system. (2020 APCA, Dkt. 9-4, at 70). Accordingly, the Court will deny as moot Defendants' motion to dismiss for improper venue. *Atl. Marine*, 571 U.S. at 55.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "A district court may raise the issue of venue sua sponte and may transfer a case when the transferee venue is clearly more convenient than the venue chosen by the Plaintiff." *Betty's Best, Inc. v. Yuyao Aggpo Elec. Tech. Co.*, No. 1:22-CV-1078-RP, 2022 WL 17724417, at *1 (W.D. Tex. Dec. 15, 2022). "The district court has broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987)).

*Atlantic Marine* adjusted the § 1404(a) analysis in cases involving a valid forum selection clause in finding that "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 59–60.

"When a contract includes a valid forum selection clause, the district court ordinarily should transfer the case to the forum stated in the clause." *Willis v. Vericel Corp.*, No. SA-23-CV-00044-XR, 2023 WL 2993027, at *6 (W.D. Tex. Apr. 14, 2023) (citing *Atl. Marine*, 571 U.S. at 62). "For cases where all parties signed a forum selection contract, the analysis is easy: except in a truly exceptional case, the contract controls." *In re Rolls Royce Corp.*, 775 F.3d 671, 679 (5th Cir. 2014).

When considering transferring a case with a forum selection clause, pursuant to *Atlantic Marine*, "a court must determine whether (i) the forum-selection clause is mandatory or permissive, (ii) the forum-selection clause is enforceable, and (iii) *Atlantic Marine*'s balancing test of public interest factors supports dismissal." *Ney v. 3i Grp., P.L.C.*, No. 21-50431, 2023 WL 6121774, at *4 (5th Cir. Sept. 19, 2023) (citing *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073–74 (5th Cir. 2020) (internal quotation marks omitted). A court evaluating whether transfer is in the interests of justice under 28 U.S.C. § 1404(a) when the parties signed a valid, mandatory forum-selection clause should not give the plaintiff's choice of forum any weight nor consider arguments about the parties' private interests. *Atl. Marine*, 571 U.S. at 63–64. Rather, the private interest factors all weigh entirely in favor of the preselected forum. *Id.* at 64. Accordingly, "a district court may consider arguments about public-interest factors only," which "rarely defeat a transfer motion," meaning "that forum-selection clauses should control except in unusual cases." *Id.*

The Court finds that the forum selection clause at issue is valid and mandatory, and that Plaintiff's claims are within the scope of the clause such that the § 1404(a) analysis adjusted by *Atlantic Marine* controls. The forum selection clause in the 2020 APCA states:

> All disputes among or between the parties arising out of, connected with, related to or incidental to this Agreement and whether arising in contract, tort, equity or otherwise, shall be resolved by a state or federal court located in Denver, Colorado and each party hereto hereby exclusively consents and submits to the jurisdiction of any such state or federal court. Each party hereto unconditionally and irrevocably waives in all disputes any objection that it may have to the location of the court considering the dispute.

(2020 APCA, Dkt. 9-4, at 70). This clause clearly mandates that Denver, Colorado be the exclusive forum for any litigation "arising out of, connected with, related to or incidental to" the 2020 APCA. (*Id.*) "A[ ] [forum selection clause] is mandatory only if it contains clear language specifying that litigation *must* occur in the specified forum . . . ." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016). "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Here, the forum selection clause's use of the language "each party hereto hereby *exclusively* consents and submits to the jurisdiction of [a state or federal court located in Denver, Colorado]" convinces the Court that the clause is mandatory. (2020 APCA, Dkt. 9-4, at 70) (emphasis added). The 2020 APCA also contains a "Governing Law" provision, which states:

> This Agreement shall in all respects be governed by, and construed and enforced in accordance with, the laws of the State of Colorado, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of Colorado or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of Colorado.

(2020 APCA, Dkt. 9-4, at 70).

The Court also finds that Plaintiff's claims are within the scope of the forum selection clause. While the Court recognizes that the parties did not fully brief a motion to transfer, neither party contends that the cause is invalid nor that it does not apply to all of Plaintiff's claims against Defendants.[2] The scope of a forum selection clause is a function of the language of the clause.

---

[2] Plaintiff alleges that the 2020 APCA "obligated the assignment of multiple categories of 'Intellectual Property' including 'all knowhow, trade secrets, confidential or proprietary information, customer lists, financial information, business information, technical information, data, process technology, plans, drawings and blue prints.'" (Resp. to Mot. to Dismiss, Dkt. 21, at 4). Plaintiff further alleges that "[t]he foregoing obligations of assignment were effectuated at least in part by separate ASSIGNMENT attached hereto as Exhibit A. The ASSIGNMENT was executed by the Nelsons and the companies that they controlled, and assigned to Plaintiff's predecessor in interest." (*Id.* at 5). While Defendants contend that no trade secrets were transferred to Plaintiff via the 2020 APCA, Defendants also assert that the 2020 APCA was also "the contract by which the Plaintiff obtained the patent assignments," which are the subject of Plaintiff's breach of contract

*Batson v. Rim San Antonio Acquisition, LLC*, No. 1:15-CV-379-RP, 2015 WL 11439072, at *2 (W.D. Tex. Sept. 24, 2015) (citing *Wellogix, Inc. v. SAP Am., Inc.*, 58 F. Supp. 3d 766, 777 (S.D. Tex. 2014)). "Relation" or "connection" language in a forum selection clause—e.g., "related to"—is construed broadly. *Batson*, 2015 WL 11439072 at *2 (citing *Wellogix, Inc.*, 58 F. Supp. 3d at 777). The 2020 APCA's forum selection clause, which covers any litigation "arising out of, connected with, related to or incidental to" the agreement is thus construed broadly. Therefore, because Plaintiff's claims depend on the existence of the contractual relationship between Plaintiff and Defendants and involve the same operative nucleus of facts—Defendants' alleged misappropriation of trade secrets and breach of contract related to patent assignments as a result of Plaintiffs' bankruptcy transactions and specifically the 2020 APCA, the Court finds that the clause covers the claims in this dispute. *See L&N Aero, LLC v. Jet Linx Aviation*, LLC, No. 1:24-CV-00422-DAE, 2024 WL 5445341, at *4 (W.D. Tex. Nov. 22, 2024).

The Fifth Circuit, "in keeping with Supreme Court precedents, applies a strong presumption in favor of the enforcement of mandatory [forum selection clauses]." *Weber*, 811 F.3d at 773. This presumption may be overcome if the forum selection clause is unreasonable, due to the fact that its incorporation into the agreement was the "product of fraud or overreaching;" "the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; [ ] the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or [ ] enforcement of the clause would contravene a strong public policy of the forum state." *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018). There is no evidence in the record that the forum selection clause's incorporation into the 2020 APCA was the product of fraud or overreaching, and the Court is

---

claim. Therefore, the Court finds that the evidence presented suggests that the claims in this case fall within the forum selection clause in the 2020 APCA.

satisfied that Plaintiff will not face grave inconvenience or unfairness in the District of Colorado, be deprived of a remedy from the chosen law, or that it will be contravening a strong public policy by enforcing the clause.

Next, the Court contends with *Atlantic Marine*'s instruction that it must weigh only the public interest factors in consideration of transferring a case. *Atl. Marine*, 571 U.S. at 64. The private interest factors must all "weigh entirely in favor of the preselected forum," the District of Colorado. *Id.* The public-interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ((citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). No single factor is dispositive. *Id.* Seeing no exceptional circumstances under the public interest factors that would counsel against transfer, and recognizing that the second and third factors certainly weigh in favor of transfer, the Court finds that transfer to the District of Colorado is appropriate. *See Okla. Sur. Co. & Mid-Continent Cas. Co. v. Direct Steel, LLC*, No. 1:22-CV-1033-DII, 2024 WL 1319742, at *2 (W.D. Tex. Mar. 27, 2024). There is no relationship between the Colorado-based parties and the current forum beyond the allegations that Defendants may have misappropriated Plaintiff's trade secrets through offering to sell certain products and services to customers in the Western District of Texas. And, most importantly, there is a valid, enforceable forum selection clause between the parties.

Because the Court finds that this case should be transferred to the District of Colorado, Denver Division, the Court will not reach the parties' arguments as to whether Plaintiff failed to state a claim upon which relief can be granted. *See BuzzBallz, LLC v. MPL Brands NV, Inc.*, No. 1:23-CV-1115-RP, 2024 WL 3282492, at *1 n.1 (W.D. Tex. July 2, 2024) (citing *GHJ Holdings, Inc. v.*

*Suncast Corp.*, No. 5:11-CV-22, 2011 WL 13223646, at *2 (E.D. Tex. July 11, 2011) (finding that generally courts should resolve merits issues only after venue is settled)).

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that this case is **TRANSFERRED** to the United States District Court for the District of Colorado, Denver Division pursuant to 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (Dkt. 9), is **DENIED IN PART AS MOOT**, such that the only remaining argument by Defendants is that Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

**SIGNED** on November 7, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE